IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-cv-00326

| | |
|---|---|
| C.J. MAHAN CONSTRUCTION COMPANY LLC,<br>Petitioner,<br><br>v.<br><br>LAMBERT ENGINEERING AND CONSTRUCTION SERVICES, INC.,<br><br>Respondent. | **ORDER GRANTING DEFAULT JUDGMENT** |

THIS MATTER coming on to be heard and being heard before the undersigned Clerk of the Eastern District of North Carolina, upon Petitioner C.J. Mahan Construction Company LLC's Motion for Default Judgment, the Court makes the following findings of fact:

1. On June 11, 2024, C.J. Mahan Construction Company LLC ("Mahan") filed its Verified Petition for Judgement Confirming Arbitration Award together with referenced exhibits [D.E. 1] ("Petition"), against Respondent Lambert Engineering and Construction Services, Inc. ("Lambert").

4. On June 20, 2024, pursuant to 9 U.S.C. § 9, Federal Rule of Civil Procedure 4(e)(1), and North Carolina Rule of Civil Procedure 4(j)(6)(c), copies of the Summons and Petition were served on Lambert's Registered Agent as shown on the proof-of-delivery receipt.

6. Lambert has failed to plead or appear and is otherwise subject to default judgement as provided by Rule 55(b)(1) of the Federal Rules of Civil Procedure.

7. An Entry of Default was entered against Lambert by the Clerk of Court on September 4, 2024 [D.E. 10].

8. Lambert is neither an infant, incompetent person, nor member of the military service of the United States.

9. Mahan's claim against Lambert is for a sum certain or for a sum which can by computation be made certain as shown by the Petition [D.E. 1].

10. As set forth in more detail in the Affidavit of Andrew Atkins (Exhibit A to the Motion for Default Judgment), there is due Mahan from Lambert Two Hundred Nine Thousand Three Hundred Ninety and 59/100 dollars ($209,390.59) of principal—the amount of the arbitration award entered March 11, 2024.

11. Under N.C. Gen. Stat. § 24-1, the North Carolina legal rate of eight percent (8%) is applied to the principal amount for purposes of calculating post-award pre-judgment interest.

12. Applying the eight percent (8%) interest rate, there is also Four Thousand Two Hundred Twenty-Two and 23/100 dollars ($4,222.23) due Mahan from Lambert post-award/pre-judgment interest accrued from March 11, 2024—the date the subject arbitration award was entered and became due—through June 11, 2024, the date the Petition was filed.

13. Applying the eight percent (8%) interest rate, there is further due Mahan from Lambert post-award/pre-judgment interest in the amount of Forty-Five and 89/100 dollars ($45.89) per diem from and including June 12, 2024, to the date of judgment.

BASED UPON THE FOREGOING FINDINGS OF FACT, the Court concludes as a matter of law that default judgment shall be granted against Lambert Engineering and Construction Services, Inc., on Mahan's Verified Petition for Judgment Confirming Arbitration Award.

NOW, THEREFORE, default judgment hereby GRANTED against Lambert Engineering and Construction Services, Inc., as provided by Rule 55(b) of the Federal Rules of Civil Procedure, in the amounts of Two Hundred Nine Thousand Three Hundred Ninety and 59/100 dollars ($209,390.59) of principal, Four Thousand Two Hundred Twenty-Two and 23/100 dollars ($4,222.23) post-award/pre-judgment interest accrued from March 11, 2024 through June 11, 2024, post-award/pre-judgment interest in the amount of Forty-Five and 89/100 dollars ($45.89) per diem from and including June 12, 2024, to the date of this judgment, and interest at the legal rate prescribed by 28 U.S.C. 1961, accruing from and including the date of judgment until the date the amounts due Mahan are paid by Lambert in full. The costs of this action shall be taxed against Lambert Engineering and Construction Services, Inc.

SO ORDERED. This the 24 day of October, 2024.

JAMES C. DEVER III
United States District Judge